UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS

| | |
|---|---|
| CARDIACSENSE LTD<br>6 LESHEM STREET<br>NORTH CAESAREA PARK<br>CAESAREA, ISRAEL 3079870<br>　　　　　　　　Plaintiff<br>　　v.<br>GOOGLE, LLC<br>a/k/a GOOGLE FITBIT<br>500 WEST 2nd STREET<br>AUSTIN TEXAS 78701<br><br>　　　　　　　　Defendant | Case No. 1:24-cv-1505 |

**COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff CardiacSense LTD ("CardiacSense"), by its undersigned counsel, alleges as follows for its Complaint against Defendant Google LLC a/k/a Google Fitbit and Fitbit by Google ("Google").

**THE NATURE OF THIS ACTION**

1.　CardiacSense brings this action against Google LLC pursuant to 35 U.S.C. §101 et. seq. and §§271, 281, 283, 284, & 285 inclusive, for infringement of one or more claims of U.S. Patent 7,980,998.

**THE PARTIES**

2.　Plaintiff CardiacSense is an Israeli corporation with a headquarters at 6 Leshem Street, North Caesarea Park, Caesarea, Israel 3079870.

3.　Defendant Google LLC operates a wearable division with products branded as

-1-

Google Fitbit this division includes the Google Pixel Watches as well as the Fitbit watches and wearables. Defendant has corporate offices at 500 West 2nd Street, Austin Texas 78701. Google imports, uses, offers to sell and sells the accused products throughout the United States.

**JURISDICTION AND VENUE**

4. This is an action for patent infringement arising under the laws of the United States, 35 U.S.C. §271 et seq.

5. This Court has subject matter jurisdiction over this action pursuant to 35 U.S.C. §§271, 281 and 28 U.S.C. §§1331 and 1338(a), federal question.

6. This Court has personal jurisdiction over Defendant Google because Defendant is located in This District.

7. Venue is proper in this Court as against Defendant under 28 U.S.C. § 1400(b) because Defendant has a regular and established place of business in this District and has committed acts of infringement in and sells and imports infringing products into this District.

**BACKGROUND AND GENERAL ALLEGATIONS**

8. Eldad Shemesh and Liat Shemesh-Granot filed a patent application for their invention which provides a training device for measuring a training activity. Their inventive device was granted United States Patent 7,980,998 ("the '998 patent").

9. Defendant manufactures and sells products known generally as training devices, including, but not limited to, the following:

>Google Pixel Watch 2
>Google Pixel Watch 3
>Fitbit Charge 6

Fitbit Charge 5
Fitbit Versa 4

10. The accused Google, Google Wearable and Google Fitbit products infringe claims of the '998 Patent.

11. On July 19th, 2011, United States Patent No. 7,980,998, entitled "Training and Instructing Support Device" was duly and legally issued by the United States Patent and Trademark Office ("USPTO"). The '998 Patent claims patent-eligible subject matter and is valid and enforceable. CardiacSense is the exclusive owner by assignment of all rights, title, and interest in the '998 Patent, including the right to bring this suit for injunction and damages, and including the right to sue and recover all past, present, and future damages for infringement of the '998 Patent. Defendant is not licensed to the '998 Patent, either expressly or implicitly, nor do they enjoy or benefit from any rights in or to the '998 patent whatsoever. A true and correct copy of the '998 Patent is attached hereto as **Exhibit A**.

12. Plaintiff is the owner of the entire right, title, and interest in the '998 Patent also referred to herein as the "Patent-in-Suit." The patent-in-suit is presumed valid under 35 U.S.C. § 282.

**THE PATENT**

13. The claims of the '998 patent are directed to "A personal device for measuring a training activity of a trainee." Claim one of the '998 patent recites:

> A personal device for measuring a training activity of a trainee having a body part which moves and changes its location and orientation, during said training activity, this movement at least partially defining said training activity, said device comprising:
> (a) a sensing unit adapted to repeatedly measure, during said training activity, parameters associated with the movement of said body part and characterizing the location and orientation of said body part relative to its initial location and orientation, and wherein said sensing unit comprising at least accelerometer means, a compass and

optionally gyroscope means, said accelerometer means being adapted to measure linear acceleration of said body part along three axes, said gyroscope means being adapted to measure angular acceleration of said body part around said three axes, and said parameters being at least linear and angular acceleration values;
  (b) means for attaching the sensing unit to said body part; and
  (c) a processor adapted to receive from the sensing unit said parameters, and to calculate based thereon, data indicative of said training activity, said data including at least the location and orientation of said body part for each of the measurements.

**INFRINGEMENT**

14. Google accused training devices and components infringe claims of the '998 patent. Defendant has, under 35 U.S.C. §271(a), directly infringed, and continues to directly infringe, literally and/or under the doctrine of equivalents, one or more claims of the '998 patent, by making, using, testing, selling, offering for sale and/or importing into the United States Defendant's Accused Products, including products in addition to the examples of accused products listed above.

15. Defendant also indirectly infringes the '998 patent by actively inducing the direct infringement by third parties under 35 U.S.C. §271(b). Defendant has knowingly and intentionally actively aided, abetted and induced others to directly infringe at least one claim of the '998 patent, including its customers throughout the United States. Defendant continues to induce infringement of the '998 patent. Defendant has contributorily infringed and continue to be contributory infringers under 35 U.S.C. §271(c) because, with knowledge of the '998 patent, they supply a material part of an infringing device, where the material part is not a staple article of commerce, and is incapable of substantial noninfringing use. Defendant contributes to its customers' infringement because, with knowledge of the '998 patent, Defendant supplies the technology that allows its customers to infringe the patent.

16. Plaintiff has conducted a detailed analysis, establishing and confirming that

Defendant's Accused Products directly infringe and when used according to Defendant's instructions for operation, indirectly infringe claims of the '998 Patent.

17. Attached as **Exhibit B, C and D** to the Complaint are exemplary claim charts demonstrating the correspondence of the operation of the exemplary accused products with elements of exemplary claims of the '998 patent.

18. Defendant and its customers have continued infringement.

19. The accused products satisfy the elements of the asserted claims as illustrated in the attached charts.

20. Defendant has infringed, and continues to infringe, at least claims 1-7, 10, and 12-16 of the '998 Patent, under 35 U.S.C. § 271(a)(b) and/or (c), by (a) making, using, offering to sell, selling and/or importing into the United States, devices that infringe the asserted claims in the United States, (b) by inducing others to use the accused products and/or sell the accused products in the United States, (c) by contributing to the infringement of others and by selling components of the patented devices and (b & c) by selling a product for performing the patented process. Defendant continues to manufacture, use, offer to sell, sell and import accused products. The accused products are also being used to infringe.

21. The Accused Products, when using the native/provided Google or FitBit applications, are infringing devices. Thus Defendant with its native applications directly infringes '998 Claims 1-7, 10, and 12-16. The Accused Devices include a training activity monitoring device as well as software and thus directly infringe '998 Claims 1-7, 10, and 12-16.

22. The accused devices can also connect with the Google applications that run on a mobile phone. The accused devices, in combination with a Google app running on a mobile phone, is also an infringing device that directly infringes '998 Claims 1-7, 10, and 12-16 under

35 USC 271(a) when sold and/or provided by Defendant and when used by Defendant.

23.     The '998 patent is also infringed under 35 USC 271(b) when Defendant "induces" others, the direct infringers, the users of the watch that are exercising, to use the device with the internal or mobile software as an infringing device.

24.     Upon information and belief, Defendant has directly infringed one or more of claims of the '998 patent under 35 USC §271(a):

> (a) Except as otherwise provided in this title, whoever without authority makes, uses, offers to sell, or sells any patented invention, within the United States or imports into the United States any patented invention during the term of the patent therefor, infringes the patent.

by engaging in accused activity including making, using, offering to sell, selling and importing accused products in the United States. Defendant continues to infringe claims of the '998 Patent.

25.     Upon information and belief, Defendant has indirectly infringed one or more of the claims of the '998 patent under 35 USC §271(b):

> (b) Whoever actively induces infringement of a patent shall be liable as an infringer.

by providing accused products, with instructions, which are used according to the instructions and thereby inducing others to use the products in an infringing manner.

26.     Defendant has been willfully infringing the '998 Patent since at least as early as they became aware of the '998 Patent. Upon information and belief, Defendant has no good faith defense to Plaintiff's infringement allegations and have refused to cease selling products or to engage in further attempts to reach a business resolution. Instead, Defendant has intentionally continued their knowing infringement.

27.     As a result of Defendant's infringement of the '998 Patent, Plaintiff has suffered

and will continue to suffer damages in an amount not yet determined, of at least a reasonable royalty.

**COUNT I -- DIRECT INFRINGEMENT OF U.S. PATENT NO. 7,980,998**

28. The allegations of each of the paragraphs above are hereby re-alleged and incorporated herein by reference.

29. Defendant Google has infringed, and continues to directly infringe, at least claims 1-7, 10, and 12-16 of the '998 Patent, under 35 U.S.C. § 271(a), by making, using, offering to sell, selling and importing the Accused Products in the United States.

30. Defendant does not have a license or authority to use the '998 Patent.

31. As a result of Google's infringement of the '998 Patent, Plaintiff has suffered and will continue to suffer damages in an amount not yet determined, of at least a reasonable royalty.

**COUNT II -- INDIRECT INFRINGEMENT OF U.S. PATENT NO. 7,980,998**

32. The allegations of each of the paragraphs above are hereby re-alleged and incorporated herein by reference.

33. Upon information and belief, Defendant Google has indirectly infringed one or more of the claims of the '998 patent, including at least claims 1-7, 10, and 12-16 under 35 USC §271(b) by providing accused products, with instructions, which are used according to the instructions and thereby inducing others to use the products in an infringing manner.

34. Defendant does not have a license or authority to use the '998 Patent.

35. As a result of Google's infringement of the '998 Patent, Plaintiff has suffered and will continue to suffer damages in an amount not yet determined, of at least a reasonable royalty.

**PRAYER FOR RELIEF**

A. For a judgment declaring that Google has infringed the '998 Patent.

B.       For a grant of a permanent injunction pursuant to 35 U.S.C. §283, enjoining Google from further acts of infringement;

C.       For a judgment awarding Plaintiff compensatory damages as a result of Google's infringement sufficient to reasonably and entirely compensate Plaintiff for infringement of the '998 Patent in an amount to be determined at trial;

D.       For a judgement and order awarding a compulsory ongoing royalty;

E.       For a judgment declaring that this case is exceptional and awarding Plaintiff its expenses, costs and attorneys' fees in accordance with 35 U.S.C. § 285 and Rule 54(d) of the Federal Rules of Civil Procedure;

F.       For a judgment awarding Plaintiff prejudgment interest pursuant to 35 U.S.C. §284, and a further award of post judgment interest, pursuant to 28 U.S.C. §1961, continuing until such judgment is paid; and

G.       For such other relief to which Plaintiff is entitled under the applicable United States laws and regulations or as this Court deems just and proper.

**DEMAND FOR JURY TRIAL**

Pursuant to the Federal Rules of Civil Procedure Rule 38(b), Plaintiff hereby demands trial by jury as to all claims in this litigation.

Date December 6, 2024                                    Respectfully Submitted:

                                                                         /s/ Joseph J. Zito
                                                                         Joseph J. Zito
                                                                         DNL ZITO
                                                                         1250 Connecticut Avenue, NW
                                                                         Suite 700
                                                                         Washington, DC 20036
                                                                         202-466-3500
                                                                         jzito@dnlzito.com

                                                                         *Attornies for CardiacSense, LTD*